UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALI ALEXANDER MOORE,

                              Plaintiff,

              -against-

NEW YORK CITY POLICE DEPARTMENT; NYPD
(PRECINCT 26); SAINT LUKES
HOSPITAL/MOUNT SINAI MORNINGSIDE;
FDNY; EMS; EMT; THE NEW YORK CITY FIRE
DEPARTMENT BUREAU OF EMERGENCY
MEDICAL SERVICES; MORNINGSIDE HEIGHTS
HOUSING CORPORATION/MORNINGSIDE
GARDENS SECURITY; CIVIL COMPLAINT
REVIEW BOARD,

                              Defendants.

23-CV-1300 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated his

rights under the Fourth and Fourteenth Amendments to the United States Constitution. The Court

construes the complaint as asserting claims under 42 U.S.C. § 1983, because Plaintiff alleges that

Defendants violated his constitutional rights.

By order dated February 27, 2023, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the

Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns Plaintiff's hospitalization, which he contends was against his will, in

a psychiatric unit at Defendant Saint Luke's Hospital/Mount Sinai Morningside ("St. Luke's").

He names as defendants the New York City Police Department ("NYPD"), the NYPD's 26th

Precinct, the New York City Fire Department ("FDNY"), the FDNY's Emergency Medical

Services ("EMS"), Emergency Medical Technicians ("EMTs"), Morningside Heights Housing

Corporation ("MHHC"), Morningside Gardens Security ("MGS"), and the Civil Complaint

Review Board ("CCRB").

The following facts are drawn from the complaint. On February 11, 2020, Defendants

involuntarily hospitalized Plaintiff at St. Luke's, "without showing any diagnostics or without me

agreeing to a[n] evaluation."[1] (ECF 2, at 5.) For several years, "I have been harassed, false[ly]

[imprisoned], had My 4th and 14th amendments [violated]." (*Id.*) In addition to the February 11,

2020, incident, Defendants violated Plaintiff's rights on October 6, 2015, July 2018, October 1,

2021-October 5, 2021. The individuals involved in these violations include "peace officers at

[MGS who] have been assisting," "a lot of John Doe's from [precinct] 26 and . . . Officer 718

was apart of this . . . and Officer Reese." (*Id.*) He seeks unspecified money damages.

---

[1] All spelling, grammar, and punctuation are as in the original, unless otherwise noted.

On December 29, 2022, Plaintiff, who was represented by counsel, filed another action where he alleged that the City of New York, several John Doe individuals employed with the NYPD and the FDNY, as well as the New York City Health + Hospitals ("H+H") and Harlem Hospital, violated Plaintiff's rights on October 1, 2021, and October 5, 2021, by involuntarily hospitalizing him at Harlem Hospital and St. Luke's, and using excessive force. *See Moore v. City of New York*, ECF 1:22-CV-10957, 1 (LGS) ("*Moore I*"). That action is pending.

## DISCUSSION

**A.**   **Claims Brought Against the New York City Police Department, the New York City Fire Department, and the Civilian Complaint Review Board**

Plaintiff's claims against the NYPD, the NYPD's 26th Precinct, the FDNY, the FDNY EMS, and the CCRB must be dismissed because agencies of the City of New York, such as the NYPD, the FDNY, and the CCRB are not entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see, e.g.*, *Buchanan v. City of New York*, 556 F. Supp. 3d 346, 356 (S.D.N.Y. 2021) (dismissing claims against the CCRB under the New York City Charter); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) (dismissing claims against an NYPD precinct under the New York City Charter).

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the NYPD, the NYPD's 26th Precinct, the FDNY, the FDNY EMS, and the CCRB with the City of New York.

*See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Rule 8 of the Federal Rules of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's allegations concern events that occurred on October 5, 2015, July 2018, February 11, 2020, and October 1, 2021-October 5, 2021. The Court addresses each of these events separately.

**1.      October 5, 2015 and July 2018**

Plaintiff does not state any facts regarding events that occurred on October 5, 2015, or in July 2018. Moreover, to the extent his rights were violated in October 2015 and July 2018, any such claim Plaintiff may be asserting now appears to be time barred. Plaintiff's claims brought under Section 1983 must be filed within three years of the date his claims accrued. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (discussing statute of limitations in Section 1983 cases); *see Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013) (discussing accrual date). Although the failure to file an action within the limitations period is an affirmative defense, and

Plaintiff is not required to plead that his claims are timely filed, *see Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007), the Court notes that these claims appear to be untimely and may be dismissed on this basis, *see Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming sua sponte dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds).

The Court grants Plaintiff leave to state facts in support of his assertion that his rights were violated on October 5, 2015 and in July 2018. If Plaintiff is not asserting separate claims regarding incidents that occurred on these dates, but rather referring to these prior events as evidence of a pattern of treatment, he may include these incidents in any claim he seeks to bring against the City of New York, discussed below in Section C.

### 2.    February 11, 2020

Plaintiff indicates that, on February 11, 2020, he was hospitalized against his will at St. Luke's. He does not allege any additional facts regarding this hospitalization.

The involuntary commitment and forcible psychiatric evaluation of an individual are both "'massive curtailment[s] of liberty' and [they] therefore cannot permissibly be accomplished without due process of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995) (quoting *Vitek v. Jones*, 445 U.S. 480, 491 (1980)). Accordingly, the Fourth Amendment requires officials to have probable cause to believe that a person is dangerous to himself or others before they can seize and detain such person for a psychiatric evaluation. *Glass v. Mayas*, 984 F.2d 55, 58 (2d Cir. 1993).

In New York, involuntary hospitalizations are governed by the Mental Hygiene Law, which permits an officer to "take into custody any person who appears to be mentally ill and is

conducting himself or herself in a manner which is likely to result in serious harm to the person or others." N.Y. M.H.L. § 9.41. Further, the Mental Hygiene Law requires that likelihood of serious harm be "manifested by threats of or attempts at suicide" or "homicidal or other violent behavior." N.Y. M.H.L. § 9.01. An arrest or forcible detention under the Mental Hygiene Law is only privileged where there was probable cause to believe that the individual was a danger to himself or others. *Kerman v. City of New York*, 261 F.3d 229, 240 n.8 (2d Cir. 2001).

Here, Plaintiff asserts he was hospitalized against his will, but he does not name any individual who was involved personally or describe the events that led to his hospitalization. The Court therefore grants Plaintiff leave to amend his complaint to name the individuals who were involved personally in Plaintiff's being involuntarily hospitalized and to allege any facts in support of his claim that the hospitalization was without cause.

**3.** **October 1-October 5, 2022**

Plaintiff asserts claims regarding events that occurred in October 2022. These claims, however, are the subject of Plaintiff's pending litigation. *See Moore I*, No. 22-CV-10957. The Court therefore dismisses these claims without prejudice to Plaintiff's ongoing litigation in *Moore I.*

**C.** **Municipal Liability**

As noted above, the Court construes the complaint as asserting claims against the City of New York. When a plaintiff sues a municipality, like the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, should Plaintiff want to pursue claims against the City of New York, he must allege facts suggesting that the City adopted a policy, custom, or practice that caused the violation of his constitutional rights. Put another way, Plaintiff must show that the individuals who involuntarily hospitalized him, in violation of his constitutional rights, did so pursuant to a municipal policy, custom, or practice.

**D.   Morningside Heights Housing Corporation and Morningside Gardens Security**

Plaintiff brings claims against two entities, MHHC and MGS, that Plaintiff asserts were involved in his hospitalizations. Plaintiff does not state any facts regarding these entities' specific involvement nor does he indicate whether he intends to pursue claims against individuals employed by these entities. In any event, a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties generally are not liable under the statute, *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Because Plaintiff does not state facts regarding the involvement of these two entities, it is unclear whether Plaintiff may assert any type of claim

against the entities, or their employees. The Court therefore grants Plaintiff leave to state facts in support of his claims regarding MHHC and MSG's involvement in the underlying claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim regarding his involuntary hospitalization, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

### A.   John or Jane Doe Defendants

Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption.  If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "John Doe Officer, who transported Plaintiff to St. Luke's on February 11, 2020."

action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.[4]

## B.    Statement of Claim

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[4] Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

C.       **New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG")

Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic

staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the

court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party

through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this

order.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards

set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit

within sixty days of the date of this order, caption the document as an "Amended Complaint,"

and label the document with docket number 23-CV-1300 (LTS). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the

time allowed, and he cannot show good cause to excuse such failure, the complaint will be

dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against NYPD, the NYPD's 26th Precinct, the

FDNY, the FDNY EMS, and the CCRB under the New York City Charter. *See* N.Y. City Charter

ch. 17, § 396. The Clerk of Court is directed to add the City of New York as a Defendant under

Fed. R. Civ. P. 21.

The Court also dismisses Plaintiff's claims regarding events that occurred on October 1,

2022, and October 5, 2022, without prejudice to his ongoing litigation in *Moore I*, No. 22-CV-

10957.

10

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 9, 2023
        New York, New York

                                 /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial          Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                         Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City              State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services
to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

