UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALI MOORE,<br><br>                            Plaintiff(s),<br><br>                            -against-<br><br>NEW YORK CITY POLICE DEPARTMENT; ST. LUKES HOSPITAL/MOUNT SINAI MORNINGSIDE; MORNINGSIDE HEIGHTS HOUSING CORPORATION; CITY OF NEW YORK; MOUNT SINAI ST. LUKES, Hospital Staff/Doctors/John Does; MOUNT SINAI HEALTH SYSTEM, Doctors/Hospital Staff/John Does; MORNINGSIDE HEIGHTS HOUSING CORPORATION, MORNINGSIDE SECURITY MONTALVO/GILMORE (PEACE OFFICERS JOHN DOES); FIRST SERVICE RESIDENTIAL, MORNINGSIDE STAFF JOHN DOES (MORNINGSIDE STAFF WORKERS); CIVIL COMPLAINT REVIEW BOARD, INVESTIGATOR MURGO, INVESTIGATOR SUPERVISOR (DOES); KAREN EUBANKS; NYPD JOHN DOES; PEACE OFFICERS JOHN DOES,<br><br>                            Defendants. | 23-cv-1300 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights on February 11, 2020. By order dated May 9, 2023, Chief Judge Laura Taylor Swain granted Plaintiff leave to file an amended complaint. Plaintiff filed the amended complaint on July 9, 2023, and this action was reassigned to the Court's docket on September 12, 2023.

      The Court construes the amended complaint as asserting claims on February 11, 2020, and dismisses without prejudice any claims that are asserted in this action that arose between October 1, 2021, and October 5, 2021, without prejudice to Plaintiff's litigation in the matter of

*Moore v. City of New York*, No. 22-CV-10957 (LGS), which is currently pending before the Honorable Lorna G. Schofield.

By order dated February 27, 2023, Chief Judge Swain granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

As set forth in this order, the Court (1) dismisses the claims against the New York City Police Department ("NYPD"), the New York City Fire Department ("FDNY"), and the FDNY's Emergency Medical Services ("EMS"), under the New York City Charter; (3) dismisses the federal claims against St. Luke's Hospital/Mount Sinai Morningside ("Mount Sinai"), Morningside Heights Housing Corporation ("MHHC"), Karen Eubanks, and Investigator Murgo of the Civilian Complaint Review Board ("CCRB"), for failure to state a claim; (4) directing service on the City of New York and Eubanks (as for any state law claims); (5) directing the New York City Law Department to identify the Doe Defendants who arrested Plaintiff on February 11, 2020, including "Officer Reese" and "Officer 718"; (6) directing Mount Sinai to identify the hospital personnel who treated Plaintiff on February 11, 2020; (7) directing MHHC to identify the "peace officers" with the names Montalvo and/or Gilmore, who interacted with Plaintiff on or about February 11, 2020; (8) deny Plaintiff's motion for change of venue; and (9) deny Plaintiff's motion for an extension of time to file his amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.  **New York City Police Department, New York City Fire Department, Emergency Medical Services**

Plaintiff's claims against NYPD, the FDNY, and the FDNY's EMS must be dismissed because agencies of the City of New York are not an entities that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

B.  **Mount Sinai, Morningside Heights Housing Corporation, and Karen Eubanks**

In Chief Judge Swain's May 9, 2023 order, she granted Plaintiff leave to state facts in support of a claim against Defendant MHHC, in part because Plaintiff did not suggest that MHHC acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. To bring a claim against MHHC, Plaintiff needed to state facts regarding MHHC's involvement and whether that involvement suggested state action. As explained in the May 9, 2023 order, private parties generally are not liable under Section 1983, unless such parties act in concert with a state actor. *See Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295

(2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."),

In the amended complaint, Plaintiff names MHHC and Mount Sinai, which are private entities, and Karen Eubanks, a private individual. The pleading, however, does not suggest that these three defendants acted under color of state law. First, the claims against MHHC and Mount Sinai appear to involve individual actors, not the entities. Because the Court is directing these entities to provide identifying information for the John Doe Defendants Plaintiff seeks to sue, it is unclear whether Plaintiff also intended to sue MHHC and Mount Sinai. Even if he had, he does not state any facts suggesting that they acted under color of state law. The Court therefore dismisses the claims against these entities for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, the facts alleged regarding Karen Eubanks, who is Plaintiff's mother, do not suggest that she acted under color of state law. Plaintiff's allegation that Eubanks provided false information to NYPD officers is insufficient to suggest state action. *See Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir.1999) ("The mere furnishing of information to police officers does not constitute joint action under color of state law." (internal quotation marks omitted)); *e.g.*, *Vazquez v. Combs*, 2004 WL 2404224, at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police [or] reporting a crime . . . even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation."). Accordingly, the Court dismisses any federal claims that Plaintiff may be asserting against Eubanks for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff arguably could bring state law claims against Eubanks, the Court orders service on this defendant. As noted above, because it is not clear that Plaintiff intends to bring claims against MHHC or Mount Sinai, in addition to any individual defendants, the Court declines to construe the complaint as asserting state law claims against these entities, and dismisses them entirely from the action.

**C.      Investigator Murgo**

The Court dismisses Plaintiff's claims against CCRB Investigator Murgo because Plaintiff does not state any facts suggesting his personal involvement in violating Plaintiff's rights. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). "To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Murgo was involved personally in the events underlying his claims. His sole allegation that the CCRB "[h]ad more than enough evidence to hold officer countable" is insufficient to suggest that Murgo violated any of Plaintiff's federal rights. Plaintiff's claims against this Defendant are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Should Plaintiff want to pursue claims against this Defendant, he may ask the Court for leave to amend his amended complaint, providing sufficient allegations to suggest a violation of federal law on the part of Murgo.

### D. Order of Service on the City of New York and Karen Eubanks

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants City of New York and Karen Eubanks through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these two Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### E. Identify John Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

sufficient information to permit the NYPD, MHHC, and Mount Sinai to identify the John Doe Defendants described in the amended complaint, specifically: (1) the NYPD Officers who interacted with Plaintiff on February 11, 2020, including "Officer Reese" and "Officer 718"; (2) the MHHC "peace officers" with the names "Montalvo" and/or "Gilmore," who interacted with Plaintiff on or about February 11, 2020; and (3) the Mount Sinai personnel who treated Plaintiff on February 11, 2020.

It is therefore ordered that the New York City Law Department (the attorney for and agent of the NYPD), MHHC, and Mount Sinai must ascertain the identity and badge number, when relevant, of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Law Department, MHHC, and Mount Sinai must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendant(s). The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the amended pleading and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**F.     Motion for Change of Venue**

Plaintiff has requested a change of venue because he resides in Baltimore, Maryland. Venue is determined, however, by the general venue statute, 28 U.S.C. § 1391(b), which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ;

> or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Because Plaintiff asserts that the events giving rise to this action occurred in New York County, and the amended complaint, on its face, indicates that none of the defendants reside in Maryland, venue for this action is not proper in the District of Maryland. The Court therefore denies Plaintiff's motion for change of venue.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for the City of New York and Karen Eubanks, complete the USM-285 forms with the addresses for these defendants, deliver all documents necessary to effect service to the U.S. Marshals Service, and mail Plaintiff an information package.

The Clerk of Court is directed to mail a copy of this order and the amended complaint to (1) the New York Law Department at: 100 Church Street, New York, NY 10007; (2) Morningside Heights Housing Corporation at: 80 La Salle Street, Suite 17E, New York, NY 10027; and (3) Mount Sinai Morningside at: 150 East 42nd St., 2nd Floor, New York, NY 10017.

The Court dismisses all claims brought against the New York City Police Department, New York City Fire Department, FDNY's Emergency Medical Services, Mount Sinai Morningside, Morningside Heights Housing Corporation, and Investigator Murgo, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses the federal claims against Karen Eubanks but directs service on this defendant, with respect to any state law claims.

The Court denies Plaintiff's (1) motion to change venue (ECF 6) because the District of Maryland is not a proper venue for this action, and (2) motion for an extension of time to file an amended complaint (ECF 7) as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 12, 2023
New York, New York

EDGARDO RAMOS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. City of New York
   100 Church Street
   New York, NY 10007

2. Karen Eubanks
   70 La Salle Street, Apt. 10D
   New York, NY 10027