UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALI ALEXANDER MOORE,

               Plaintiff,

     – *against* –

NEW YORK CITY POLICE
DEPARTMENT, et al.,

              Defendants.

**ORDER**

No. 23-cv-1300 (ER)

Ramos, D.J.:

On October 16, 2023, the Court received two requests from *pro se* plaintiff Ali Alexander Moore, both dated October 12, 2023:  first, that the Court appoint him *pro bono* counsel (Doc. 16), and second, a motion for the extension of time to amend the complaint (Docs. 17, 19, and 20).

The request for pro bono counsel is denied at this time.  Courts do not have the power to obligate attorneys to represent *pro se* litigants in civil cases.  *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).   Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, in its discretion, order that the *Pro Se* Office request that an attorney represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's *Pro Bono* Panel.  *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).  The standards governing the appointment of counsel in *pro se* cases were set forth by the Court of Appeals in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).  Collectively, these cases stand for the principle that the Court must "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and, if this threshold requirement is met, then the Court must consider additional factors including the *pro se* litigant's

"ability to handle the case without assistance," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392.

The Court is unable to conclude at this time that Moore's claims are likely to have merit, although naturally that may change as the litigation progresses.  Accordingly, the application for the appointment of *pro bono* counsel is DENIED without prejudice to possible renewal at a later stage in the progress of the case.

Second, on October 12, 2023, the Court *already* granted Moore leave to file a second amended complaint by November 13, 2023.  Doc. 15.  Accordingly, the Court repeats that Moore may file a second amended complaint.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 12, 17, 19, and 20.

It is SO ORDERED.

Dated:    October 17, 2023
          New York, New York

_____
                    Edgardo Ramos, U.S.D.J.

2