UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALI ALEXANDER MOORE,

                Plaintiff,

– against –

NEW YORK CITY POLICE DEPARTMENT; ST. LUKES HOSPITAL/MOUNT SINAI MORNINGSIDE; MORNINGSIDE HEIGHTS HOUSING CORPORATION; CITY OF NEW YORK; MOUNT SINAI ST. LUKES, hospital staff/doctors/John Does; MOUNT SINAI HEALTH SYSTEM, doctors/hospital staff/John Does; MORNINGSIDE HEIGHTS HOUSING CORPORATION, MORNINGSIDE SECURITY MONTALVO/GILMORE (PEACE OFFICERS JOHN DOES); FIRST SERVICE RESIDENTIAL, MORNINGSIDE STAFF JOHN DOES (MORNINGSIDE STAFF WORKERS); CIVIL COMPLAINT REVIEW BOARD, INVESTIGATOR MURGO, INVESTIGATOR SUPERVISOR (DOES); KAREN EUBANKS; NYPD JOHN DOES; *and* PEACE OFFICER JOHN DOES,

                Defendants.

**ORDER**

23-cv-1300 (ER)

Ramos, D.J.:

       Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants falsely arrested him on February 11, 2020. The Complaint was filed on February 10, 2023. By order dated February 27, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis*. By order dated May 9, 2023, Chief Judge Swain granted Plaintiff leave to file an amended complaint. Plaintiff filed the amended complaint on July 9, 2023, and this action was reassigned to the Court's docket on September 12, 2023.

Pursuant to the Court's September 12, 2023, *Valentin* order, the New York City Law Department (the "City"), Morningside Heights Housing Corporation, and St. Luke's Hospital/Mount Sinai Morningside were ordered to (1) ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served, and (2) provide this information to Plaintiff and the Court within sixty days of the date of this order.  Doc 10.  Specifically, they were ordered to identify:  (1) the NYPD Officers who interacted with Plaintiff on February 11, 2020, including "Officer Reese" and "Officer 718"; (2) the MHHC "peace officers" with the names "Montalvo" and/or "Gilmore," who interacted with Plaintiff on February 11, 2020; and (3) the Mount Sinai personnel who treated Plaintiff on February 11, 2020.  *Id.*

Pursuant to that order, in their April 1 and May 1, 2024, letters to the Court, the City identified five NYPD members who interacted with Plaintiff on February 11, 2020:  Sergeant Angelone, Officer Tavares, (retired) Officer Rios, Detective Nevile, and Detective Imperato ("New Defendants").  Docs. 45, 47.  They also provided addresses where they could be served.  *See* attached list.  The City stated that there was no NYPD officer with the last name "Reese" who interacted with Plaintiff on February 11, 2020, nor were there any Officers with the last name "Reese" who worked in the 26th Precinct in 2020.  Doc. 45.

Because Plaintiff has been granted permission to proceed *in forma pauperis*, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult,* 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on the New Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these five Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

The Clerk of Court is respectfully directed to issue summonses for the New Defendants, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is respectfully directed to include each of the New Defendants in the Court's electronic filing system and to terminate document 55.

It is SO ORDERED.

Dated:   July 8, 2024
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Sergeant Joseph Angelone (Shield No. 718)
   90 Church Street,
   New York, NY 10007

2. Officer Freddy Tavares (Shield No. 28523)
   520 West 126th Street,
   New York, NY 10027

3. Officer Michael Rios, (Retired, Shield No. 27074)
   1 Police Plaza,
   New York, NY 10038

4. Detective William Neville (Shield No. 4428)
   Floyd Bennett Field, 50 Aviation Road,
   Brooklyn, NY 11234

5. Detective Adam Imperato (Shield No. 2991)
   Floyd Bennett Field, 50 Aviation Road,
   Brooklyn, NY 11234