

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH ZANGRILLI**
*Senior Counsel*
(212) 356-2657
jzangril@law.nyc.gov

December 5, 2024

**By ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Ali Moore v. New York City Police Department, et al.</u>
                23-CV-1300 (ER)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter.[1] Defendant City writes to respectfully request, *nunc pro tunc*, an extension of time to respond to the Second Amended Complaint from November 26, 2024 (21 days after service on the last individual defendants) until January 9, 2025. Despite attempts to contact plaintiff by phone and email, I have been unable to obtain his position on this request.

      By way of background, on June 27, 2024, this Office requested an extension of time to respond to the Second Amended Complaint (hereinafter "SAC") until 21 days after service was completed on the individual NYPD defendants (ECF No. 59), which the Court granted on June 28, 2024 (ECF No. 60). According to the Marshal's Process Receipt and Return of Service documents entered on the docket on November 22, 2024, the last of these defendants—Detective William Neville and Detective Adam Imperato—were served on November 5, 2024, making the current response deadline November 26, 2024 (ECF Nos. 80, 81).

      There are several reasons for seeking this additional enlargement of time. First, this Office did not receive notice of the completed service until the Marshal's Returns were entered on the docket on November 22, 2024 (ECF Nos. 80, 81). Additionally, this case was recently transferred to new counsel, who requires time to review the extensive case file. Furthermore, this Office still needs to conduct interviews to determine whether it will represent the individual

---

[1] This case has been assigned to Assistant Corporation Counsel Jack McLaughlin, who is presently awaiting admission to the Southern District of New York and is handling this matter under my supervision. Jack may be reached directly at (212) 356-2670 or by email at jmclaugh@law.nyc.gov.

NYPD defendants in this action. See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Additionally, there remains uncertainty regarding the status of Officers Combrella and Torterra, who appear in the SAC (ECF No. 57) but were not included in the Court's Order of Service (ECF No. 61) and consequently have not been served. As previously noted in our June 27, 2024 letter (ECF No. 59), while these officers are listed in the caption, the only allegations against them are their mere presence at the police desk on February 15, 2020 (SAC ¶¶ 77-78, 81). Under well-established law, such minimal allegations fail to establish the requisite personal involvement in any alleged constitutional violation. See Spavone v. N.Y. State Dep't of Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) ("personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"). "To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).

As this Office has not yet completed its representation determinations, this request for an extension of time is made only on behalf of defendant City of New York. However, given the time involved in determining the representation of employees of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend their time to respond as well. Rather than interpose responses to the SAC on different dates, the City respectfully requests that all defendants' time to respond be extended to January 9, 2025, allowing this Office to submit a single response on behalf of all defendants it may represent.

For the reasons set forth herein, defendant City respectfully requests that its' time to respond to the SAC be extended *nunc pro tunc* until January 9, 2025. Upon information and belief, this extension will not affect any other scheduled dates in this litigation. This is defendant City's second request for an extension of time to respond to the Second Amended Complaint.

We thank the Court for its time and consideration of this matter.

                                                                          Respectfully submitted,

                                                                          *Joseph Zangrilli*      /s/
                                                                          Joseph Zangrilli
                                                                          *Senior Counsel*
                                                                          Special Federal Litigation Division

cc:      **Via ECF**
          Ali Moore
          *Plaintiff Pro Se*
          2506 East Overland Avenue
          Baltimore, Maryland 21214
          moore6029@gmail.com

**<u>Via U.S. Mail</u>**
Karen Eubanks
*Co-Defendant Pro Se*
70 LaSalle Street
New York, New York 10027
Mskareneubanks@gmail.com