UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALI ALEXANDER MOORE,

                    Plaintiff,

– against –

CITY OF NEW YORK, et al.,

                    Defendants.

**ORDER**

23-cv-01300 (ER)

On March 31, 2026, the Court granted the City's motion to dismiss the second amended complaint and granted Moore leave to file a third amended complaint by April 28, 2026. Doc. 100.  On April 28 and 29, Moore filed two substantively similar letters.  Docs. 101, 102. He does not identify any of the letters as the third amended complaint.  The letters allege that someone accessed Moore's email account and removed his "original court document" and "quotation mark crutch."[1]  *Id*.  The letters also allege that the Central Intelligence Agency ("CIA") murdered his grandfather as a part of a project attacking World War II veterans, entrapped him, and "bred" him as a CIA project.  *Id*.  The letters do not mention the mental health arrest of Moore on February 11, 2020, which is the subject matter of the instant action. Docs. 2, 8, 57.

The Court does not construe the letters as Moore's third amended complaint because they are based on a different set of facts from the prior complaints.  In the event that Moore intends the letters to be his third amended complaint, it is dismissed under the principle of sovereign

---

[1] Moore asserts that the Court colluded with the Central Intelligence Agency to delete his document.  Docs. 101, 102 ("I have people accessing my email . . . You are racist court office with colluding[sic] with CIA[.]  It is full on RICO[.]").

immunity and for being frivolous.  *Carlos Tamayo, Jr., Plaintiff-Appellant, v. Federal Bureau of Investigation, Central Intelligence Agency, Defendants-Appellees.*, No. 25-1296, 2026 WL 1084645, at *1 (2d Cir. Apr. 22, 2026) (affirming the dismissal of the complaint against the FBI and CIA, where the appellant alleged that the FBI and CIA talked to him through his phone and television, under principle of sovereign immunity and for being frivolous).  The doctrine of sovereign immunity bars federal courts from hearing suits against the federal government and its agencies, including the CIA, absent a waiver.  *Nazer v. Israel State*, No. 1:23-cv-2875 (LTS), 2023 WL 3949055, at *2 (S.D.N.Y. June 12, 2023).  Moore does not allege that the federal government consented to suit or waived its immunity.

The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated:   May 4, 2026
         New York, New York

_____
                Edgardo Ramos, U.S.D.J.

2